### COLLISION BETWEEN CAR AND WAGON.

Circuit Court of Hamilton County.

THE CINCINNATI TRACTION CO. v. MAUD MANNING.

Decided, July 23. 1910.

*Negligence—In Driving in Front of a Street Car—Circumstances Under Which Looking and Listening Would Not be Sufficient—Weight of Evidence.*

A driver is guilty of contributory negligence, when from a position immediately behind a standing street car he turns into the parallel Track, without being able by looking to see whether there was a car approaching on that track or by listening to distinguish the bell on the car before him from the bell on an approaching car; nor is he relieved from negligence by the fact that two cars had just passed on the track upon which the car which struck him was approaching.

*Kiltredge, Wilby & Slimson,* for plaintiff in error.
*Thos. L. Michie* and *A. C. Fricke,* contra.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

On the 18th day of July, 1907, at about 9:30 P. M., the plaintiff was driving a horse and buggy south on the west side of Western avenue, and after two street cars had passed her on the south-bound track she attempted to cross over at or near the intersection of Findlay street but was struck by a north-bound car and injured.

It is contended by counsel for the company that the court should have arrested the case from the jury because the plaintiff testified that she could see down Western avenue a distance of four blocks; that before attempting to cross she looked for an approaching car, and saw none. But she did not intend thereby nor did the jury understand her to mean that she could see everything on the avenue within that space regardless of temporary obstructions. She also testified that the two south-bound cars had at the time reached the middle of the block south of Findlay street, hence, if the north-bound car was a few feet south of the last car, her view would be obstructed. If she saw no car approaching within that space, it would not be negligence *per se* to attempt to cross, because she had the right to assume that the motorman of the car, if any were approaching, would have the car under control at and near the crossing, whereby she would have ample time to cross.

The great weight of the evidence, however, shows that the rear south-bound car was at or about two feet south of Findlay street, and that the plaintiff drove in behind that car and attempted to cross the north-bound track, when by looking she could not see the north-bound car, and the motorman could not see her or the vehicle. The car could not have been moving very fast because the testimony is clear that the motorman brought it almost to a stop on the south side of Findlay street to avoid a collision with another buggy approaching from the east in Findlay street. But assuming that it did get full headway before the collision, and that the motorman was negligent in not having the car under control while passing the south-bound car at or near the crossing, the plaintiff was chargeable with contributory negligence in attempting to cross, when by looking she could not see and by listening she could not distinguish one bell from another.

The motorman admits that he did not sound the gong when he first saw plaintiff's horse, as it would then do no good; but says that he did sound it for the crossing.

The verdict was clearly against the weight of the evidence, and the court erred in not granting a new trial for that reason.

The judgment will be reversed and the cause remanded for a new trial.